

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-2-2005

# Mahoney v. US Consumer Prod

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3953

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Mahoney v. US Consumer Prod" (2005). *2005 Decisions.* Paper 573.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/573

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 04-3953

———

JEROME J. MAHONEY; REBECCA G. MAHONEY,
Husband and Wife, in Their Own Right,
                                                        Appellants

v.

U.S. CONSUMER PRODUCTS SAFETY COMMISSION;
U.S. CONSUMER PRODUCTS SAFETY COMMISSION 1

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 04-cv-01833)
District Judge:  Honorable Robert F. Kelly

———

Argued July 14, 2005

Before: SLOVITER, McKEE and WEIS, Circuit Judges

(Filed:  September 2, 2005)

———

Shanin Specter
Andrew S. Youman  (Argued)
Kline & Specter, P.C.
Philadelphia, PA 19102

        Attorneys for Appellants

Peter D. Keisler
     Assistant Attorney General
Eugene M. Thirolf
     Director
Drake Cutini    (Argued)
     Trial Attorney
Office of Consumer Litigation
U.S. Department of Justice
Washington, D.C. 20044

John Gibson Mullan
     Acting General Counsel
     Of Counsel
Melissa V. Hampshire
     Attorney
U.S. Consumer Product Safety Commission
Bethesda, Maryland 20814

     Attorneys for Appellee

OPINION

SLOVITER, Circuit Judge.

This case arises from an administrative enforcement action brought by the United States Consumer Products Safety Commission ("CPSC") against the Daisy Manufacturing Company ("Daisy"). On January 30, 2003, CPSC accepted a settlement offer proffered by Daisy. Plaintiffs, Jerome J. Mahoney and Rebecca G. Mahoney, seek to have the settlement agreement set aside.

**I.**

Because the parties are familiar with the factual and procedural background of this

case, we refer only to those facts that are pertinent to our disposition. On October 30, 2001, the CPSC issued an administrative complaint against Daisy alleging that certain models of its air powered rifles (popularly known as "BB guns") presented a substantial product hazard within the meaning of the Consumer Product Safety Act ("CPSA"), 15 U.S.C. §§ 2064(c), (d), and a substantial risk of injury to children within the meaning of the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. §§ 1274(c)(1), (2). The complaint targeted a latent defect in certain gun models — a BB could become lodged in such a manner that the gun would appear empty; the lodged BB could then subsequently dislodge and be fired, even though the user had not loaded the weapon.

The administrative action was litigated through the discovery stage. On November 5, 2003, Daisy submitted a settlement offer to the CPSC. The offer was provisionally accepted and posted for public comment in the December 10, 2003 issue of the Federal Register. A total of twenty-one timely comments were received by the CPSC. Nineteen supported the settlement and/or were critical of the administrative case, and two opposed the settlement.[1] On January 30, 2004, the CPSC accepted the provisional settlement as final.

The Mahoneys, whose son, Tucker Mahoney, died from an injury caused by the latent defect in a Daisy BB gun, filed the present action in the District Court on April 28,

---

[1] The Mahoneys submitted an untimely comment to the CPSC that was not considered by the Commission.

3

2004, seeking to set aside the settlement because it failed to include a corrective action plan requiring replacement, repair, or refund of the purchase price of the outstanding guns.[2]  On September 30, 2004, the District Court granted CPSC's motion to dismiss, holding that plaintiffs did not have Article III standing and that the remedy chosen by the CPSC was within the agency's discretion and not subject to judicial review.

The Mahoneys filed a timely notice of appeal.

## II.

We review the District Court's legal conclusions de novo.  See, e.g., AT&T Communications of N.J., Inc. v. Verizon N.J. Inc., 270 F.3d 162, 168 (3d Cir. 2001); Raymond Proffitt Found. v. U.S. Army Corps of Eng'rs, 343 F.3d 199, 203 (3d Cir. 2003).  Because we agree with the District Court that the CPSC's decision to accept Daisy's settlement is not subject to judicial review, we will assume, without deciding, that the Mahoneys have standing to bring the present case.  Philadelphia Fed'n of Teachers v. Ridge, 150 F.3d 319, 323 n.2 (3d Cir. 1998).

As a general principle, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute is entitled to judicial review thereof."  5 U.S.C. § 702.  Certain agency actions, however, are "committed to agency discretion by law."  5 U.S.C. § 701(a).  In

_____

[2]  The Mahoneys previously filed suit against Daisy for the death of their son, which they settled before trial for $19,000,000.

4

Heckler v. Chaney, 470 U.S. 821 (1985), the Supreme Court held that, except in limited circumstances, there is a presumption that agency enforcement decisions are not subject to judicial review. This presumption is applicable to decisions by the agency to enter into settlement agreements with the parties it regulates. See, e.g., Baltimore Gas and Elec. Co. v. F.E.R.C., 252 F.3d 456, 460 (D.C. Cir. 2001); New York State Dep't of Law v. FCC, 984 F.2d 1209, 1214 (D.C. Cir. 1993).

The presumption against unreviewability is not absolute. In Heckler, the Court stated that the presumption can be overcome where "the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers." 470 U.S. at 833; see also Am. Disabled for Attendant Programs Today v. U.S. Dept. of Housing & Urban Dev., 170 F.3d 381, 384 (3d Cir. 1999).

We agree with the District Court that in the present case there are no guidelines governing the agency's decision to accept Daisy's proposed settlement. As the District Court stated, there are "no provisions limiting the discretion of the Commission, no instructions to follow in making its determinations, and no factors to be considered in making a decision." App. at 16a. The governing statute, 15 U.S.C. § 2064, states only that the Commission may order action "if [it] determines . . . that a product distributed in commerce presents a substantial product hazard." Likewise, the FHSA, 15 U.S.C. § 1274(a) (b), allows agency action against a "banned hazardous substance," as that term is defined by the Commission. The applicable regulation, 16 C.F.R § 1025.26(f), provides

5

merely that, "[t]he Commission shall rule upon all transmitted offers of settlement." The CPSC's own Rules of Practice for Adjudicative Proceedings, 16 C.F.R. § 1025.26(c), state that a proposed "offer of settlement shall contain . . . <u>if appropriate</u>, a detailed statement of corrective action(s)." <u>Id.</u> (emphasis added); <u>see also</u> 16 C.F.R. § 1115.20(a)(1) ("Corrective action plans shall include, as <u>appropriate</u> . . . .") (emphasis added). The decision of what, if any, corrective action is "appropriate" is left to the sole discretion of the agency. Thus, as stated by the District Court, "[t]he criteria enumerated in the statutes [and regulations] establish the Commission's 'broad discretion, not just the limited discretion inherent in every agency action,' and as a result do not provide the Court with any indication as to how it would evaluate such a question." App. at 16a (citing <u>Raymond Proffitt Found. v. U.S. Army Corps of Eng'rs</u>, 343 F.3d 199, 205 (3d Cir. 2003)).

Accordingly, we hold that the decision of the CPSC to settle its administrative action against Daisy without requiring corrective action is unreviewable under the APA.

**III.**

For the reasons given above, we will affirm the decision of the District Court.

6